## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

WENDY MARTIN, an individual,

      Plaintiff,                                Case No. 0:21-cv-60771-RAR

v.

BROWARD COUNTY, FLORIDA,
a political subdivision created pursuant to
the Florida Constitution and laws of the State of Florida,

      Defendant.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COME NOW, Plaintiff, WENDY MARTIN, by and through her undersigned counsel and, pursuant to Fed.R.Civ.P. 15(a) moves this court for leave to amend her complaint, and in support thereof states:

1. On April 8, 2021, Plaintiff filed her complaint against Broward County for damages and injunctive relief pursuant to 42 U.S.C. § 1983. [DE 1]

2. Additional case related developments necessitate amending the complaint to add an additional claim.

### MEMORANDUM OF LAW

3. When, as in the instant case, the time period for filing an amendment of a pleading as of right has expired, Rule 15(a) of the Federal Rules of Civil Procedure requires that amendment may be provided "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). However, Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy of liberally permitting amendments is to facilitate

|   |   |
|---|---|
|   | determination of claims on their merits. *Shipner v. Eastern Air Lines, Inc*., 868 F.2d 401, 407 (11th Cir. Fla. 1989) |
| 4. | The Eleventh Circuit has held that motions for leave to amend complaints should be liberally granted when necessary, in the interests of justice. See *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co*., 336 F. Supp. 2d 1239, 1251 (S.D. Fla. 2004) citing *Jennings v. BIC Corp*., 181 F.3d 1250, 1258 (11th Cir. 1999) (stating that "leave to amend should be liberally granted when necessary in the interest of justice" under Fed. R. Civ. P. 15(a)); *Florida Power & Light Co. v. Allis Chalmers Corp*., 85 F.3d 1514, 1520 (11th Cir. 1996) ("Unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."), citing *Shipner* at 407. (11th Cir. 1989). |
| 5. | Grounds to deny leave to amend exist only  "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cured deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). |
| 6. | There is no substantial reason to deny MARTIN's request to amend her complaint. The amendment is within the time allotted in the scheduling order for amending the complaint. |
| 7. | The amendment is proposed in good faith to conserve resources of the parties and accomplish judicial economy by avoiding multiple suits. |
| 8. | Defendant will not be prejudiced by the proposed amendment. |
| 9. | A copy of the proposed amended complaint is attached hereto as "Exhibit 1." |

WHEREFORE, Plaintiff respectfully requests this Court GRANT leave to file this Amended Complaint and the Exhibits thereto and grant such further relief as this Court deems just and equitable.

## **CERTIFICATION OF COMPLAINCE WITH LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that she conferred with counsel for Defendant who has advised that this motion is opposed by Defendant "based upon Plaintiff's proposed due process claim."

Respectfully submitted on this 21st day of June, 2021.


/s/ Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
249 SE Tuscawilla Road
Micanopy, FL 32667
(352) 545-7001

/s/ Heidi Mehaffey, Esq.
Florida Bar No. 118806
Heidi@Hartsell-Law.com
Shai Ozery, Esq.
Florida Bar No. 118371
Shai@Hartsell-Law.com
Robert N. Hartsell, Esq.
Florida Bar No. 636207 Robert@Hartsell-Law.com
ROBERT N. HARTSELL, P.A.
61 NE 1st Street, Suite C
Pompano Beach, Florida 33060
(954) 778-1052

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2021, I electronically filed the foregoing with the Clerk of Court for United States District Court, Middle District of Florida, by using the CM/ECF system, which will send a copy of the document and notice of electronic filing to all counsel of record.

BY: s/*Marcy LaHart*
Counsel for Plaintiff